Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

Daniel G. Shay, Esq. (SBN:250548)
danielshay@SanDiegoBankruptcyNow.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Fax: (800) 520-5523

*Attorneys for Plaintiff,*
Keisha Newsom

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keisha Newsom, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pivotal Payments, Inc., d/b/a Capital Processing Network<br><br>Defendant. | Case No:  '16CV3023 MMANLS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET. SEQ.**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**Introduction**

1. Keisha Newsom, ("Plaintiff"), through Plaintiff's attorneys brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Pivotal Payments, Inc. ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

8. Plaintiff is a natural person who resided in the City and County of San Diego, State of California, at the time of the illegal acts alleged herein.

9. Defendant is a leading provider of technology-driven global payment processing solutions for small to large enterprises.

10. Defendant made unconsented calls to Plaintiff's cellular phone, and therefore failed to comply with federal laws.

11. Because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff resided in the City of San Diego, County of San Diego, State of California, at the time of events, venue is proper pursuant to 28 U.S.C. § 1391c(1), and 1391b(2).

12. At all times relevant, Defendant conducted business within the State of California, and thus, personal jurisdiction is established.

## Parties

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Delaware corporation, conducting business in California.

15. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

16. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

## Factual Allegations

17. Sometime on or about June 2015, Defendant began calling Plaintiff's cellular phone ending with "2981" via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

18. Prior to Defendant's unconsented and unwelcomed phone calls to Plaintiff's cellular phone, Plaintiff never communicated with Defendant.

19. On July 14, 2015 and July 23, 2015, Plaintiff answered Defendant's phone call and said "hello" at least once or twice. There was no response and the call was terminated after a delay.

20. These abandoned calls with involving no human interaction indicate an ATDS. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Upon information and belief, Defendant pre-records telephone calls made to cellular phones, without any authorization or a warning to the callers, including Plaintiff.

22. Plaintiff received multiple calls since June 2015 or earlier from Defendant.

23. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

25. Plaintiff was personally affected because she was frustrated and distressed that Defendant repeatedly called her cellular phone using an ATDS.

26. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

27. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

28. The calls from Defendant came from phone numbers including, but not limited to, (858) 251-0989.

29. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

30. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

32. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Class"). The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not made for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

34. Plaintiff represents, and is a member of, the Class, because Plaintiff received telephone calls from Defendant to Plaintiff's cellular telephone using a prerecorded voice, some or all of which Plaintiff was billed for receiving such calls.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways:

- Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacting Plaintiff and the Class members

via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

37. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

- Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.
- Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

- Whether Defendant should be enjoined from engaging in such conduct in the future.

40. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the Telephone Consumer Protection Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

# FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

45. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

49. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That the action regarding each violation of the TCPA be certified as a class action on behalf of the Class requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

55.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

December 9, 2016

By: s/Joshua Swigart
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
Attorney for Plaintiff